UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOLETTA HINSON/BULL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:16-CV-266-TAV-CCS |
| | ) |
| F/N/U WATSON, Corporal; | ) |
| F/N/U HORNSBY, Sergeant; and | ) |
| KNOX COUNTY DETENTION FACILITY, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Acting pro se, state prisoner Joletta Hinson Bull filed this civil rights complaint for monetary relief under 42 U.S.C. §1983 against two correctional officers in the Knox County Detention Facility and against the facility itself [Doc. 1]. Plaintiff alleges that Defendants Corporal Watson and Sergeant Hornsby subjected her to unconstitutional conditions of confinement [*Id.*]. In addition to her complaint, plaintiff filed a motion for the appointment of counsel [Doc. 3]. Because this case was transferred to this Court by the Middle District after the filing fee was assessed [Doc. 4], the Court turns first to the contentions in Plaintiff's complaint.

**I.   PLAINTIFF'S ALLEGATIONS**

Plaintiff states her claims in their entirety as follows:

I was incarcerated in Knox County Detention Facility on October 31, 2015 upon release from UT Hospital. I had seventeen (17) broken bones upon arrival at Knox County Detention Facility. My scapula was broken. My spine was broken in three (3) places, seven ribs on the right side of my body were broken and five (5) on the left side of my body were broken. My right femur was broken and a rod was placed from my hip to my right knee to provide stability and strength for the healing process. They made me walk on a severely broken leg causing me to break one of the screws. I was in extensive pain and suffering. They denied me any pain medication and proper housing. They mocked me and made fun of me.

[Doc. 1 p.5].

## II.     SCREENING AND LEGAL STANDARDS

The Court must now review the complaint to determine whether it states a claim entitling Plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.  If so, this suit must be dismissed.  In performing this task, the Court bears in mind the rule that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Still, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief.  *Id*. at 681.  Furthermore, conclusory allegations need not be accepted as true.  *Newberry v. Silverman*, 789 F.3d 636, 640 (6th Cir. 2015).  The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure state a claim under [§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)."  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must establish that she was deprived of a federal right by a person acting under color of state law.  *See Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990)

("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

The Court examines the claims under these guidelines.

## III. LAW AND ANALYSIS

### A. Non-Suable Defendant

Defendant Knox County Detention Facility is a building which serves as a place for confinement for those in custody, and it is not a suable entity. *See Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 689–90 n.53 (1978) (finding that only "bodies politic" are "persons" who can be sued under 42 U.S.C. § 1983"). The Sixth Circuit, this Court, and other courts in this circuit have so held. *See Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)) (holding that "the Shelby County Jail is not an entity subject to suit under § 1983"); *Cage v. Kent Cnty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"); *Russell v. Juvenile Court of Kingsport, Tenn.*, No. 2:15-CV-13, 2015 WL 3506523, at *4 (E.D. Tenn. June 3, 2015); *Brinkley v. Loftis*, No. 3:11–CV–1158, 2012 WL 2370106, at *3 (M.D.Tenn. June 22, 2012); *Seals v. Grainger Cnty. Jail*, No. 3:04-CV-606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005).

Thus, the Knox County Detention Facility will be dismissed as a defendant in this suit.

### B. Remaining Defendants

From the contentions presented in the complaint, the Court infers that Plaintiff is attempting to state the following three claims against Defendants Watson and Hornsby under the

Eighth Amendment: (1) that she was denied adequate medical care, (2) that she was housed under unconstitutional conditions of confinement, and (3) that she was subjected to verbal abuse.

### 1. Medical Claims

The Supreme Court has held that punishments involving the unnecessary and wanton infliction of pain extend beyond barbarous physical punishments and can include the conditions under which an inmate is confined. *Rhodes v. Chapman*, 452 U.S. 337, 345–47 (1993). Hence, a prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Id.* at 347; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An Eighth Amendment claim has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires a plaintiff to show a "sufficiently serious" deprivation. *Id.* The subjective component requires a showing of a sufficiently culpable state of mind—one of deliberate indifference. *Id.* at 842.

Prison doctors and officials may evidence deliberate indifference to a prisoner's serious medical needs either "in their response to a prisoner's needs" or by "interfer[ing] with treatment once prescribed." *Estelle*, 429 U.S. at 104–05. Moreover, "a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering." *See Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998) (citing *Boretti v. Wiscomb*, 930 F.2d 1150, 1154–55 (6th Cir. 1991)); *see also Estelle*, 429 U.S. at 103 (stating that "the denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose").

In support of Plaintiff's allegations concerning her medical care, she contends that Defendants made her walk on a broken leg, which caused her to break a screw and, in turn, caused her to suffer significant pain and suffering, and that they denied her pain medication. The

4

Court finds that Plaintiff arguably has stated an Eighth Amendment claim for deliberate indifference to serious medical needs. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 2. Housing and Verbal Abuse Claims

These claims are addressed together because Plaintiff has offered no contentions of fact in support of her claims that Defendants did not furnish her "proper housing" and that they mocked and ridiculed her. These claims, therefore, are conclusory. Conclusory allegations, as noted, need not be accepted as true, *Newberry*, 789 F.3d at 640, and do not state actionable claims under § 1983. *Coker v. Summit Cnty. Sheriff's Dep't*, 90 F. App'x 782, 787 (6th Cir. 2003) (finding that bare bones, conclusory assertions do not state a cognizable constitutional claim); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Indeed, it is improper to assume that a plaintiff would be able to show facts not alleged or that a defendant has violated the law in ways not alleged. *Cline v. Rogers*, 87 F.3d 176, 184 (6th Cir. 1996).

Because these allegations lack facial plausibility, *see Iqbal*, 556 U.S. at 678 (noting that "an unadorned, the-defendant-unlawfully-harmed-me accusation" has no facial plausibility), they fail to state claims entitling Plaintiff to relief under § 1983.[1] Therefore, the housing and verbal abuse claims will be dismissed.

## IV. MOTION TO APPOINT COUNSEL

Plaintiff has filed a motion for the appointment of counsel [Doc. 3]. There is no "automatic" constitutional right to counsel in a civil rights case and, typically, counsel is only appointed in an exceptional case. *See Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996)

---

[1] Even if Plaintiff had offered facts to support her allegation that Defendants mocked and made fun of her, she still would not state § 1983 claims because, as explained by the Sixth Circuit, "harassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits." *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004).

(observing that courts in the Sixth Circuit do not appoint counsel for indigent and pro se prisoners in civil cases absent truly extraordinary circumstances). The claims in the complaint are not complex, but are straightforward and are pleaded clearly. The sole ground for relief involves Plaintiff's contentions that she was denied proper medical treatment.

The Court has carefully considered Plaintiff's motion, the record as a whole, the issues and the complexity of this case, and her ability to represent herself, and has concluded that the appointment of counsel is not warranted here because there are no exceptional circumstances to justify appointing counsel. *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). As such, her motion to appoint counsel will be denied.

## V. CONCLUSION

For the reasons stated herein, all of Plaintiff's claims against Knox County Detention Facility are **DISMISSED**, her housing and verbal abuse claims are **DISMISSED**, and her motion to appoint counsel [Doc. 3] is **DENIED**.

Plaintiff's colorable Eighth Amendment medical claims will be allowed to proceed against Defendants Watson and Hornsby. Accordingly, the Clerk is **DIRECTED** to send Plaintiff two service packets, each of which consists of a blank summons and USM 285 form. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within **twenty-one (21) days** of the date of this Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service on Defendants. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to return the completed service packets within the time required will jeopardize her prosecution of this action.

Also, Plaintiff **SHALL** promptly notify the Court of any address changes, and she is **ADVISED** that her failure so to do, within **fourteen (14) days** of any such change, *see* E.D.

Tenn. L.R. 83.13, will result in the dismissal of this lawsuit for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE